[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16305
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00053-CR-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EULISES SANTANA-ALVEAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 9, 2010)

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Eulises Santana-Alvear pleaded guilty to illegally reentering this country as

a previously deported alien in violation of 8 U.S.C. § 1326(a)(2), (b)(2).  The 71-

month sentence he received is at the high end of the U.S. Sentencing Guidelines range for his crime, and he appeals it as procedurally unreasonable. He argues that the district court failed to adequately explain its reasons for imposing a 71-month sentence. He also contends that his sentence is substantively unreasonable because it is greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a) and because the district court did not adequately consider the unique circumstances of his case.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). Pursuant to Gall, we review the sentencing process for both procedural error and substantive reasonableness. United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008).

Procedural errors occur when the district court fails to calculate or improperly calculates the Guidelines range; treats the Guidelines as mandatory; fails to consider the § 3553(a) factors; selects a sentence based on clearly erroneous facts; or fails to adequately explain the chosen sentence. Id. It is sufficient for the district court to acknowledge consideration of the § 3553(a) factors. The court need not explicitly discuss each of them. See United States v. Scott, 426 F.3d 1324, 1329–30 (11th Cir. 2005).

2

Santana-Alvear's sentence is procedurally reasonable. Nothing in the record indicates that the district court incorrectly calculated the Guidelines range, treated the Guidelines as mandatory, or relied on clearly erroneous facts. We also conclude that the district court adequately explained the 71-month sentence. At sentencing, the district judge heard argument from the defendant and his counsel; noted that he had read the defendant's sentencing memorandum; stated that there was nothing unusual about Santana-Alvear's history, characteristics, or offense; and declared that he had considered the factors set forth in § 3553(a). The district court was not required to give a more lengthy explanation. See Livesay, 525 F.3d at 1090.

We examine substantive reasonableness "under an abuse of discretion standard, taking into account the totality of the circumstances." Id. at 1091 (internal quotation marks omitted). Our review is deferential, and it requires us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). The purposes of sentencing include the need for the sentence to reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; deter criminal conduct; protect the public from further crimes by the defendant; and provide the defendant with needed

educational or vocational training or medical care.  18 U.S.C. § 3553(a)(2).  The district court must impose a sentence "sufficient, but not greater than necessary," to further these ends.  Id. § 3553(a).

In addition to the purposes of sentencing, the district court must consider the following factors in determining a particular sentence:  the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the applicable Guidelines range; the pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims.  Id. § 3553(a)(1), (3)–(7).  A sentence may be substantively unreasonable if a district court unjustifiably relies on any one § 3553(a) factor; fails to consider pertinent § 3553(a) factors; selects the sentence arbitrarily; or bases the sentence on impermissible factors.  United States v. Pugh, 515 F.3d 1179, 1191–92 (11th Cir. 2008).  The weight accorded to the § 3553(a) factors is within the district court's discretion.  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

Although a sentence within the Guidelines range is not per se reasonable, we ordinarily expect such a sentence to be reasonable.  Talley, 431 F.3d at 787–88; see also Rita v. United States, 551 U.S. 338, 347, 127 S. Ct. 2456, 2463 (2007) (noting that the imposition of a sentence within the properly calculated Guidelines range

4

"significantly increases the likelihood that the sentence is a reasonable one"). The party challenging the sentence "bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Talley, 431 F.3d at 788.

Given the totality of the circumstances, Santana-Alvear's sentence is substantively reasonable. The district court considered arguments about Santana-Alvear's family situation and found nothing unusual about his history or characteristics. Santana-Alvear fled to Mexico after being arrested on drug charges in 1996; was arrested in 2002 and subsequently convicted of the 1996 charges; was deported in October 2003; and was arrested in November 2004 for trafficking in methamphetamine. Based upon this conduct, the district judge acted within his discretion when he determined that a high-end sentence was sufficient, but not greater than necessary, to promote respect for the law, deter criminal conduct, and protect the public from any further crimes by Santana-Alvear. The defendant has not carried his burden of demonstrating that his 71-month sentence is unreasonable in light of the record and the factors the district judge was required to consider in sentencing him.

Therefore, upon review of the record and consideration of the parties' briefs, we **AFFIRM** Santana-Alvear's 71-month sentence.